IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| SPORTS COLLECTIBLES ACQUISITION CORP. d/b/a BC SPORTS COLLECTIBLES, | : : | |
| | : | Case No. 08-12170 (MFW) |
| | : | |
| Debtor. | : | |
| | : | |

**STATUS REPORT**

Alfred T. Giuliano (the "Trustee"), Chapter 7 Trustee for the estate of Sports Collectibles Acquisition Corp. d/b/a BC Sports Collectibles (the "Debtor"), hereby files this status report pursuant to the request of the Court.

**A.    Prepetition Circumstances Leading to Commencement of Case**

Prior to the Petition Date, the Debtor was a sports merchandise, apparel, memorabilia and collectibles retailer with stores located in over fifty (50) locations in twelve states. The Debtor leased all of its retail stores. During the chapter 11 case, the Debtor conducted going-out-of-business sales at approximately fifteen (15) locations and rejected the leases for the same locations. However, the Debtor was still unable to achieve positive cash flows, even with an injection of debtor-in-possession financing, and was left with no alternative but to convert the case to a chapter 7 case.

### B. Major sales of assets

Soon after the Conversion, the Trustee was contacted by BCSR, LLC ("BCSR") regarding a potential acquisition of certain Assets (as defined in the Purchase Agreement) of the Debtor, including inventory that was not previously liquidated and other personal property assets, such as intellectual property and the assumption and assignment of two (2) unexpired equipment leases. Thereafter, the Trustee and BCSR entered into that certain Asset Purchase Agreement (the "Purchase Agreement"), which provided for the sale of the Debtor's Assets (as defined in the Purchase Agreement) and the assumption and assignment of two (2) unexpired equipment leases to BCSR. On or about May 29, 2009, the Court entered an order authorizing and approving the Purchase Agreement [D.I. 394].

### C. Status of Plan

N/A—Case filed as chapter 7 on July 22, 2011.

### D. Major Litigation pending or expected to be filed

None.

### E. Chapter 5 causes of action

None.

### F. Open Adversaries

None.

### G. Case Status

The Trustee has completed his claims analysis and review and objected to a limited number of claims, including, objections to claims filed by various landlords that involved a dispute over the Purchase Agreement obligations. The Court issued its opinion and order on those claims objections on March 30, 2016. Following that, the Trustee prepared the Trustee Final Report ("TFR") and submitted it to the Office of the United States Trustee ("OUST") on

August 31, 2016. After the OUST completes its review of the reporting and provides the Trustee with any comments and/or issues, the Trustee can file the report with the Court and move forward with closing the case.

### H. Pending Motions

None.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
Wilmington, DE 19801-3046
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Joshua T. Klein, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2009/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jklein@foxrothschild.com

Attorneys for Alfred T. Giuliano, Chapter 7 Trustee for the estates of Bionol Clearfield, LLC, *et al.*

Dated: February 23, 2018